**FILED**
JAN 2 5 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | Case Number: SA:20CR488 |
| (2) JAYLYN CHRISTOPHER MOLINA<br>*Defendant* | | |

## MEMORANDUM AND RECOMMENDATION

Pursuant to the referral by the district judge, Defendant, Defendant's attorney and the attorney for the government appeared before the undersigned magistrate judge via video teleconference on January 25, 2021, for the purpose of defendant's entry of a plea of guilty and consideration of a proffered waiver of Defendant's presence at the sentencing hearing.

### I. DEFENDANT'S GUILTY PLEA COLLOQUY

At the hearing, Defendant entered a guilty plea as stated on the record. The magistrate judge addressed Defendant personally and, after assuring that defendant was competent to proceed and had consented to pleading guilty before a magistrate judge and via video teleconference, admonished Defendant in accordance with Federal Rule of Criminal Procedure 11 of the nature of the charge, the possible penalties, Defendant's constitutional and statutory rights, and the consequences of pleading guilty. The magistrate judge specifically addressed Defendant's desire to waive personal appearance at the plea and at sentencing in light of the ongoing COVID-19 pandemic, as contemplated in the CARES Act § 15002(b)(2). Defendant acknowledged understanding these matters and admonishments. The undersigned also addressed defendant

concerning the voluntariness of the guilty plea. Finally, the undersigned assured the existence of a factual basis for the guilty plea.

Based upon the answers to the undersigned's questions from defendant and from counsel, the undersigned magistrate judge makes the following findings:

1. Defendant is competent to stand trial;

2. Defendant has consented to plead guilty before a magistrate judge;

3. Defendant fully understands the nature of the charge and the penalties;

4. Defendant understands his or her constitutional and statutory rights and desires to waive them;

5. Defendant's plea is freely, knowingly and voluntarily made; and

6. there is a factual basis for the plea.

Further, the magistrate judge finds that Defendant knowingly and voluntarily waived the right to be present in court for the plea hearing and consented to a plea hearing conducted via video teleconference. A signed, written waiver memorializes these matters and will be placed on the docket.

## II. DEFENDANT'S WAIVER OF RIGHT TO BE PRESENT AT SENTENCING AND WAIVER OF RIGHT TO ALLOCUTE

Federal Rule of Criminal Procedure 43 provides a defendant the right to be present at sentencing. FED. R. CRIM. P. 43(a)(3). However, the Rule allows a defendant who pleaded guilty in a noncapital case to waive his or her right to be present at sentencing. FED. R. CRIM. P. 43(c)(1)(B) (describing waiver when a defendant is "voluntarily absent during sentencing"). "If the defendant waives the right to be present, the trial may proceed to completion, including … sentencing, during the defendant's absence." FED. R. CRIM. P. 43(c)(2).

At the hearing before the magistrate judge and in a signed, written waiver, Defendant, after conferring with counsel, waived the right to be present at sentencing. Defendant waived this right in open court and in a signed, written waiver.

Defendant and counsel affixed their signatures to a waiver form in order to demonstrate voluntary and knowing assent to this waiver.

Based upon the answers to the Court's questions from Defendant and from counsel, the undersigned magistrate judge finds the waiver of rights under Rules 32 and 43 was knowing and voluntary.

Further, the undersigned magistrate judge finds that under the facts and circumstances of this case—including the current COVID-19 crisis and the need for social distancing and to prevent congestion and large-scale gatherings to the extent practicable the plea and sentencing in this case cannot be further delayed without serious harm to the interests of justice and should therefore be conducted via video teleconference or teleconference. *See* CARES Act § 15002(b)(2).

## RECOMMENDATION

It is, therefore, the recommendation of the Magistrate Judge that Defendant's guilty plea and waiver of presence at sentencing be **ACCEPTED** and that a judgment of guilt be entered against defendant.

Further, it is recommended that the District Judge adopt the findings above relating to the necessity for conducting the plea and sentencing proceedings by video teleconference or teleconference because, for the reasons stated above, this case cannot be further delayed without serious harm to the interests of justice and these proceedings should therefore be conducted via

video teleconference or teleconference.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59 . The objecting party shall file the objections with the Clerk of the Court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED on January 25, 2021.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE